UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GABRIEL RENE,

        Plaintiff,

v.                                                      Case No. 3:23-cv-127-BJD-JBT

SGT. PROCK and SGT. COLEMAN,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Gabriel Rene, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983. Plaintiff names two Defendants – Sgt. Prock and Sgt. Coleman. Id. at 2. The Complaint is not a picture of clarity, and the nature of Plaintiff's claim is unclear. He alleges that on "January 5th, 3:30pm," "Sgt. Prock, Sgt. Coleman attacked" him. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both

contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x

982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).[1]

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Liberally read, Plaintiff fails to state a plausible § 1983 claim. As to any claim of excessive force, the core inquiry is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). "If force is used maliciously and sadistically for the very purpose of causing harm, then it necessarily shocks the conscience. If not, then it does not." Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (internal quotation marks and citations omitted). As with other Eighth Amendment claims, the Court must consider

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3

both a subjective and an objective component: (1) whether the "officials act[ed] with a sufficiently culpable state of mind," and (2) "if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Hudson, 503 U.S. at 8.

Plaintiff does not allege Defendants used physical force to inflict pain, nor does he allege that Defendants used more force than necessary under the circumstances. In fact, Plaintiff does not explain the circumstances of the incident at all. Indeed, Plaintiff's bare-bones allegations do not permit the inference that Defendants used excessive force against him, and his assertions are too vague and conclusory to state a claim for relief.

For those reasons, this case is due to be dismissed without prejudice. If Plaintiff refiles, he is advised that a civil rights complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civil P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678. Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). A plaintiff must allege sufficient facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Accordingly, it is

**ORDERED AND ADJUDGED** that**:**

1.  This case is **DISMISSED without prejudice**.

2.  The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of March, 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7
C:   Gabriel Rene, #X95811